Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR15-244RAJ |
| Plaintiff, | |
| v. | OMNIBUS ORDER ON PRETRIAL MOTIONS |
| ROBERT RYAN POWELL, | |
| Defendant. | |

The parties have filed a variety of motions *in limine*. Rather than file numerous orders ruling on each separate motion, the court files this omnibus order.

The court, having reviewed the memoranda of law submitted in support of the respective motions and memoranda in opposition thereto, rules on each of the motions as follows:

**Motion to Strike Surplusage from Counts 1, 2 and 4 or Alternatively for a Bill of Particulars.**

The government concedes that the challenged language "or sexual activity for which any person can be charged with a criminal offense" should be stricken from Counts 1, 2 and 4 of the Superseding Indictment.  This motion is thereby GRANTED and the alternative motion for bill of particulars is rendered moot.

OMNIBUS ORDER ON PRETRIAL MOTIONS  –  1

**Motion to Preclude the Offer of Proof of Prior Convictions and Other Bad Acts.**

The defendant seeks to prevent the government from offering ER 404(b) evidence of two prior convictions, probation violations, and unlawful possession of drugs and food stamp cards.

A trial court may admit evidence of prior similar acts for any non-character purpose pursuant to Rule 404(b).

Each party properly identifies the four-part test enunciated in *United States v. Rendon-Duarte*, 490 F.3d 1142 (9th Cir. 2007) that the court must apply before such evidence is admissible.  The court addresses each of the government's proposals separately.

A.      Does the evidence prove a material element of the offense for which the defendant is now charged?

1.      The convictions from California and Nevada do go to prove a material point, that being, that the defendant intended for C.C., N.C., and B.M. to engage in acts of prostitution, expecting them to give him their earnings from prostitution and offer protection in exchange for their acts of prostitution.

The evidence further demonstrates the defendant's *modus operandi*. Specifically, it is the court's understanding that the government's offer of evidence from these convictions show the defendant's means and operation has been to arrange for hotels, obtain dates for the women via the internet, and or walking the streets, and later collecting their earnings.

The government's offering includes the similarity of the Nevada conviction which involved the attempted recruitment of a prostitute online, facilitation of interstate travel, and arranging for a bus ticket for one of the women.  All of these facts are admissible as they go to show that it was the defendant's intent that the women involved in the instant charges participated in acts of prostitution.

B.      Is the prior conduct too remote in time?

Unquestionably no.  The two prior events occurred in 2007 and 2008.  *United States v. Ross*, 886 F.2d (9th Cir. 1989) and *United States v. Johnson*, 132 F.3d 1279 (9th Cir. 1997) dispense with any challenge to his issue.

C.      Is proof of the prior conduct based upon sufficient evidence?

The defense concedes on this point as the defendant was convicted of both crimes.

D.      Is the prior conduct similar to the charged conduct?

Each of the noted convictions involved the defendant's recruitment of women to work for him as prostitutes and taking all of the money they earned from commercial acts of sex. Evidence of the defendant's business practices in the prior cases is permitted as it mirrors the facts in the instant matter.

For all of the forgoing reasons, the court finds the evidence admissible because it is relevant to establish the defendant's *modus operandi*, motive, and intent.

E.      Does the probative value of the evidence outweigh the danger of unfair prejudice?

Based upon the defense briefing to date, it appears the obvious defense by the defendant is whether the women acted voluntarily and whether the defendant had the requisite intent and knowledge to commit the charged offenses. The court concludes the probative value of the proffered evidence to establish intent and motive is high. The court will give a limiting instruction on the use of such evidence.  This will minimize the risk and danger of any potential prejudice.

For these reasons, the defendant's motion to preclude 404(b) evidence as it relates to the defendant's 2007 Nevada and 2008 California convictions and the evidence underlying them is DENIED.

The court GRANTS the defendant's motion to preclude evidence of:

Statements made to B.M. and C.C. about the California conviction;

OMNIBUS ORDER ON PRETRIAL MOTIONS  –  3

Proof of the defendant's probation and parole status and violations;

Proof of the defendant's drug use and possession; and

Proof that the Defendant possessed and used an EBT card.

The motion is granted on these categories of evidence because it is not relevant and would be unfairly prejudicial because of the cumulative nature of emphasizing defendant's propensity to engage in other criminal behavior.

The government is, however, entitled to offer proof that on August 26, 2014, the defendant was stopped by law enforcement and at the time was driving a silver BMW that matched the description and photograph provided to law enforcement by C.C. and N.C.  No other details of this stop are admissible.

The court directs that a limiting instruction be presented to instruct the jury that the similar acts testimony is admitted for the limited purpose of showing the motive, intent, knowledge, or *modus operandi*, and that the defendant is on trial only for offenses alleged in the Superseding Indictment.   This instruction will be read to the jury before the introduction of any such testimony and also be included in the final instructions to the jury.

## Motion for an Order Cautioning the Government Against Using the Term "Victim."

Defendant seeks an order from this court cautioning the government against using the term "victim" to refer to C.C., N.C., B.M., and R.B.

The court notes the defendant provides no authority on point to support his contention that the use of the term "victim" during trial constitutes prejudicial error. At best, so long as reference to "victims" is supported by the evidence or the references are isolated, no prejudice results.

Setting aside the absence of authority, the government has agreed, and the court so directs, that it is to use all reasonable efforts to avoid referring to the women who are the subjects of the Superseding Indictment as victims.  The court further

OMNIBUS ORDER ON PRETRIAL MOTIONS  –  4

directs the government to refer to the women by their names or at most as the "alleged victims." This directive applies directly to witnesses other than Detective Stigerts.

As to Detective Stigerts, he may use the term "victims" when referring to categories of individuals if necessary to explain his testimony and to avoid confusion of the jury.

In either case, the court would expect a limiting instruction on the use of the term "victim."

For all of these reasons, the defendant's motion is DENIED with the understanding that the government comply with the directives of the court.

**Defendant's Motion to Preclude the Government's Evidence Relating to the Pregnancy of B. M.**

The essence of this motion centers around relevance and Rule 403 prejudice as it relates to testimony regarding the defendant's statements telling B.M. to terminate her pregnancy so she could continue to engage in acts of prostitution.

First, the court concludes the evidence is relevant.  The psychological and emotional pressure to cause B.M. to undergo an abortion so she could return to acts of prostitution clearly meets the force and coercion component of the charge to make such evidence relevant.

To convict the defendant, the government must prove that the defendant knew that force, fraud, or coercion would be used to cause B.M. to work for him as a prostitute.  The question thus must be analyzed under 403.

There can be no dispute about the potential volatility of introducing the topic of abortion in this trial.  Abortion has been a dividing topic in this country and for years been a critical topic in various arenas from presidential debates to Supreme Court justice confirmations, and even the basis for some individuals to believe it justifies the bombing of clinics performing abortion procedures.

OMNIBUS ORDER ON PRETRIAL MOTIONS – 5

*United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1991) cited by the government is instructive on answering the question whether the government's proposed evidence would cause unfair prejudice. That case defines such evidence as: "evidence which appeals to a jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case."

The court agrees with the defendant on this motion. If the jury hears the evidence as proposed by the government, there is a significant risk such evidence would appeal to the pro-life component of the jury venire to the degree and extent it could cause them to base their decision on something other than the precise charges, and convict the defendant because he was the perceived motivating force in the termination of B.M.'s pregnancy.

The court has considered jury instructions and voir dire as a means to address the topic of abortion. The court declines this proposal for fear the jury could get grossly sidetracked on the topic of abortion and not the underlying charges of the indictment.

For these reasons, the defendant's motion is GRANTED.

**Defendant's Motion Regarding the Applicability of ER 412.**

Defendant suggests Rule 412 does not apply to cases that involve allegations which are the subject of the Superseding Indictment. Defendant is plainly wrong and his position is without merit or support.

Highly apposite and squarely on point is *United States v. Rivera*, 799 F. 3d 180, 185-186, where the court stated the following which this court adopts as the rule on this motion:

"Evidence of victims' prior acts of commercial sex is irrelevant to whether those victims were coerced into working as prostitutes. Appellants wanted to cross-examine the testifying victims about prior work as prostitutes before Appellants

hired them to work in their bars. Appellants hoped to suggest that having already worked as prostitutes, the victims would not have been deceived by Appellants and that they 'knew what [they were] getting into.'  But knowing that suggestive behavior or even sexual acts might become a part of the job does not mean that the victims therefore consented to being threatened or coerced into performing sexual acts they did not wish to perform. The very purpose of the Rule is to preclude defendants from arguing that because the victim previously consented to have sex – for love or money – her claims of coercion should not be believed."

The government has cited a host of cases which clearly support the same conclusion to acts by the victims in the instant matter subsequent to the time periods which are the subject of the Superseding Indictment.

The same applies to the Backpage.com advertisements featuring photographs of the women.  The government is, however, permitted to offer as evidence those images that were posted during the timeframe that the victims were allegedly being trafficked or transported by the defendant. These images are relevant to the charges in the Superseding Indictment and not within the boundary prohibitions of 412.

For all of the foregoing reasons, the defendant's motion is DENIED.

**Defendant's Motion to Dismiss Count 3.**

Defendant moves to dismiss Count 3 on the grounds that this count is duplicitous and fails to give proper notice.

The government's proffer suggests it will seek to introduce evidence at trial that establishes that for approximately one year, the defendant engaged in a continuous course of conduct and employed various means – including recruiting, enticing, harboring, transporting, providing, and obtaining – to use force, fraud, and coercion to compel B.M. to engage in commercial sex acts.

A count in an indictment is duplicitous when it joins two or more distinct and separate offenses into a single count.  This court concludes that Section 1591

proscribes the series of unlawful acts that are committed to further the single purpose of sex trafficking.

The statutory and legislative history of Section 1591 are abundantly clear that it is to be treated as a continuing offense. The court agrees with the government's analysis that, by its nature, sex trafficking is an ongoing course of conduct that causes harm as long as the conduct exists and perdures long beyond the original illegal act.

It would be nonsensical to charge the defendant as suggested by the defense. Such a charging scheme would result in numerous charges and expose the defendant to harsher penalties and guideline calculations.

In the instant case, the government has proffered that for the time period charged there is evidence that the defendant housed B.M. at his home and hotels, transported her to different states, directed her activities, provided her to various prostitution customers by posting on Backpage.com, drove her to date locations, barraged her with recruitment and enticement efforts to work for him as a prostitute, and involved her in various circumstances of emotional and physical abuse.

The totality of these events constitutes an ongoing course of conduct causing B.M. to engage in a single, continuous offense as properly charged.

The court in this finding also notes that Count 3 provides the defendant with sufficient notice to apprise him of the crime charged.

For all of the foregoing reasons, the defendant's motion to dismiss Count 3 of the Superseding Indictment is DENIED.

**Defendant's Motion to Suppress Statements Made in Rapid City.**

This motion necessitates a hearing in order to hear the evidence of the circumstances of the arrest and actions of the parties. The court RESERVES ruling on this motion.

## **Defendant's Motion to Strike Government's Rule 16(a)(1)(G) Notice Regarding Detective Derek Stigerts.**

The defendant does not dispute having received from the government a summary of Detective Stigerts' proffered testimony.  The defendant challenges the adequacy of the Rule 16(a)(1)(G) notice. The defense acknowledges, however, that the deficiency is remediable, and requests that the court direct the government to file an amended notice with greater specificity. The defense contends this will permit the court to then be able to make a finding as to whether the proffered testimony of the detective will help the jury understand the evidence or to determine a fact in issue.

FRCP 16(a)(1)(G) requires a written summary that describes the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. The court has reviewed the government's notice and finds it meets the requirements of the rule commanding the disclosure.

Included in the government's submission is Detective Stigerts' CV, which includes a detailed statement of his expert qualifications and summary of his experience in investigating sex trafficking cases.  The summary includes the bases for his testimony, *i.e.*, the knowledge he gained through those investigations.  The summary also includes in detailed fashion the topics and opinions about which he will be testifying. Nothing further is required.

The court further finds the proffered testimony of the detective to be relevant and of value to help the jury understand the evidence regarding the business of pimping and prostitution.

Detective Stigerts' training and experience qualify him as an expert on the business of prostitution and the relationships between pimps and prostitutes.  As his CV reflects, among other experiences, he has vast experience in this arena, including having interviewed no less than 250 females involved in prostitution and 70 juvenile victims of prostitution, interviewed no less than 20 suspected pimps regarding

prostitution and pimping, and participated in no less than 100 sex trafficking cases involving juvenile and adult women.

Detective Stigerts' proffered testimony is relevant to matters at issue in this case. As noted in *United States v. Brooks*, 610 F.3d 1186, (9th Cir. 2010), the relationship between pimps and prostitutes is not the subject of common knowledge. Hence, Detective Stigerts' testimony will help place the victims' testimony into context and provide the jury a means to assess their credibility and understand their testimony.

For these reasons, the defendant's motion is DENIED.

**Defendant's Motion for an Order Permitting the Defense to Offer Certain Proof.**

Pursuant to Rule 412(a), the defendant has filed this motion seeking the court's approval to examine witnesses on eight categories of claimed unrelated commercial sex acts. The court rules on each separately.

A.  Evidence regarding names previously used by B.M., C.C. and N.C.

Defense seeks to examine the witnesses about their prior use of false names on Backpage.com advertisements. While the bare essence of this request may go to the issue of the truthfulness and open the door to examination, such evidence is inadmissible under FRE 403. The probative value of such evidence does not significantly outweigh possible harm to the victims. Eliciting names used on Backpage.com appears to have no other legitimate bases for admission than to suggest or infer that the women were advertising on Backpage.com as prostitutes before and after meeting the defendant. The sole purpose of such an offering is to suggest the sexual predisposition of the victims, which is prohibited.

As stated in the Commentary to Rule 412:

"The inclusion of the term 'sexual predisposition' is intended to provide broader protection of the alleged victim than 'sexual behavior' alone. By prohibiting

any evidence that may obliquely connote the alleged victim's sexual activity to the fact finder, Rule 412(a)(2) serves the Rule's policy objectives of safeguarding the alleged victim from irrelevant stereotyping and protecting the alleged victim from potential embarrassment. Consequently, evidence of an alleged victim's mode of dress, speech or lifestyle will be prohibited by the exclusionary principle of Rule 412 unless one of the exceptions applies."

Thus, the names the victims may have previously or subsequently used are not relevant and no examination is permitted.

      B.    <u>Evidence regarding statements C.C. and N.C. made about age.</u>

The defendant seeks to introduce evidence regarding statements that C.C. and N.C. made about their ages in Backpage.com advertisements and to the defendant. The defendant's desire to offer such evidence for the sole purpose of attacking their credibility is inadmissible if it is offered to establish what they told the defendant about their respective ages.

Defendant's knowledge of the age of the victims or that he reasonably believed they were eighteen years old or older is not an element of Counts 1 and 2. 18 U.S.C. § 2423(a). *See United States v. Taylor,* 239 F.3d 994, 997 (9th Cir. 2001). Because knowledge of the victim's age is not an element required for conviction under Section 2423(a), and does not constitute an affirmative defense to the crime, any evidence or argument relating to the defendant's knowledge of their ages is irrelevant and inadmissible.

The defendant **is** permitted, however, to examine the two witnesses regarding false statements they made about their ages on Backpage.com, but only statements made during the specific time periods reflected in the Superseding Indictment. This would go to their credibility and truthfulness, a factor proper for jury consideration. The defendant is **not** permitted, however, to examine the witnesses about any Backpage.com postings by these witnesses outside of the charging periods because

OMNIBUS ORDER ON PRETRIAL MOTIONS – 11

to do so would constitute evidence regarding "other sexual behavior," and that is prohibited under Rule 412.

C. Evidence regarding C.C.'s statements to law enforcement officers about N.C.

The defendant seeks to offer evidence to impeach C.C., with statements she allegedly made about N.C. not having been previously involved in prostitution. Even if this court were to accept that C.C. definitively and unequivocally made such statements, the examination would be prohibited. To allow otherwise would permit the defense to introduce evidence of Backpage.com advertisements featuring N.C. As previously noted, evidence regarding N.C.'s prior connection with prostitution is prohibited by Rule 412 and case law.

D. Evidence of the Humboldt, California Backpage.com advertisement and C.C.

Defendant seeks to question C.C. about her interview with Officer Barrera and her statement about "never been to Cali" before. The defendant is permitted to pursue this line of examination. If the witness denies the statement, the defense is permitted to impeach her and prove up her prior inconsistent statement through the examination of Officer Barrera. The defense may not introduce the Backpage.com advertisement as extrinsic proof.

E. Evidence regarding C.C.'s suggestive clothing.

As previously noted, evidence of a victim's mode of dress, speech, or lifestyle is prohibited by the exclusionary principle of Rule 412

F. Evidence regarding the victim's motive.

The defendant suggests that C.C. may have been awaiting disposition of criminal charges during times she was interviewed by law enforcement officers and thus had a motive to make certain statements. The government has represented that nothing in C.C.'s criminal history indicates she was on probation or awaiting

disposition of criminal charges at the time she made statements to law enforcement. Consequently, there is no basis to impeach her on these grounds.

The defendant also seeks to examine C.C. and N.C. about the timing of their interviews, *i.e.*, during the evening hours. This will be permitted. The defense will also be permitted to inquire about who called C.C.'s cell phone during the March 31 interview. If the nature of the call would result in revealing incidents of activity precluded by Rule 412, then this area of examination is precluded.

Regarding B.M., the defense seeks to examine her regarding the fact that her March 10, 2015 interview with law enforcement came about after she was encountered in connection with a prostitution sting. The government concedes that the fact that B.M.'s statement was immediately preceded by her contact with law enforcement is a proper topic of cross-examination. The defendant is permitted to ask the question in the context of a prostitution sting.

G.     Evidence that B.M. made a false statement about wanting to visit her brother in California.

The defense has provided this court with no information or bases to conclude that B.M.'s statement was false or to conclude that she did not have a desire to visit her brother. Moreover, the defense has not articulated the probative value of such examination or the possible responses thereto. The defendant's request is thus denied.

H.     Evidence that B.M. was subsequently involved in prostitution or associated with another pimp.

The defendant seeks to offer evidence that B.M. was engaged in prostitution after the dates she was criminally associating with him and may have subsequently associated with another pimp.

For the reasons and analysis previously noted under Rule 412, this line of examination or evidence is clearly not admissible. Such evidence has no relevance or impeachment value whatsoever.

For all of the foregoing reasons, the defendant's motions under this section of this Order are GRANTED in part and DENIED in part.

**Defendant's Motion to Sever Counts 1 and 2 from Counts 3 and 4.**

Defendant seeks severance of Counts 1 and 2 from Counts 3 and 4 on the grounds of Rule 8(a), contending they are not of the same or similar character, are not based on the same act or transaction, and are not part of a common scheme or plan. In the alternative, the defendant seeks to invoke the authority of Rule 14 to grant a separate trial on grounds that joinder will result in substantial prejudice.

Both parties agree that *United States v. Jawara*, 474 F.3d 565 (9th Cir. 2007) is of significant precedential value in this analysis. *Jawara* notes the key question to ask is whether commission of one of the offenses either constituted or depended upon proof of the other. The court also noted that when the counts are logically related, and there is a large area of overlapping proof, joinder is appropriate. *Jawara*, 474 F.3d at 574.

The court agrees with the government that joinder is proper. The facts as alleged in the Superseding Indictment suggest that all four of the counts are logically related in that the proffered evidence from the government articulates an overarching, continuing scheme and plan to have females engage in commercial acts and travel in interstate commerce for the purpose of prostitution.

This evidence includes proffered overlapping proof that the defendant began sex trafficking with B.M., after he contacted her through the number she had posted on a Backpage.com advertisement in January, 2014. Allegedly he transported her to Washington to engage in prostitution. When she became too ill to perform sex acts, the defendant recruited C.C. and N.C. to travel with him to California. The government's proffer includes the representation that while B.M. did not accompany them to California, she stayed in contact, and she and C.C. had communication about the defendant's alleged coercive conduct in California.

The government's proffer includes the representation that an abundance of the proposed testimony in this case would be overlapping if two trials were required from severance. The evidence includes numerous categories of evidence that would overlap if separate trials were ordered. This includes the testimony of B.M., C.C., and N.C., who have all met, and are corroborating witnesses in all four of the charged offenses; law enforcement witnesses from various states who were involved in investigating the defendant's sex trafficking and prostitution activities; law enforcement officers who analyzed various electronic devices seized in connection with this investigation; an expert witness in the field of sex trafficking and interstate prostitution; and records custodians to testify about relevant records that allegedly corroborate the victims' statements. Requiring these witnesses to testify twice would also be a grossly inefficient use of court resources, and the overlapping nature of the evidence is overwhelming.

Consequently the court finds the counts are properly joined, logically related, depend upon proof of the other, and there are large areas of overlapping proof.

Moreover, the face of the Superseding Indictment makes clear that the various counts relate to each other in the following ways:

First, Counts 1, 2 and 4 are similar in that they allegedly involve the interstate transportation of persons by the defendant for the purpose of prostitution, which offenses have nearly the same elements except for the underage requirement in Counts 1 and 2;

Second, all four counts allegedly occurred in part in King County in 2014;

Third, the defendant's alleged interstate transportation of C.C. and N.C. took place within the time frame that he is alleged to have been trafficking B.M. through force, fraud and coercion; and

Fourth, all four crimes involve a similar *modus operandi* in both groups of charges in how the defendant allegedly identified and created online relationships before attempting to recruit them for acts of prostitution.

OMNIBUS ORDER ON PRETRIAL MOTIONS  – 15

The court will not restate all of the connecting links noted by the government in its briefing, but suffice it to say they have convinced the court that joinder under the rules was proper.

The defendant also raises the issue of prejudice resulting from joinder. The court does not find this argument persuasive. Even if the trials were severed, evidence relating to defendant's trafficking of B.M. would be admissible in a trial on Counts 1 and 2 as to the defendant's *modus operandi* and intent.

In addition, B.M. appears to be ready to present testimony of numerous conversations she had with the defendant regarding his interactions with C.C. and N.C. Similarly, it is apparent C.C. and N.C. are equally available to testify about the defendant's interactions with B.M. and the defendant's statements about his relationship with her.

All of these circumstances weigh greatly against the defendant and any claim of prejudice from joint trials.

To minimize any potential prejudice, the court will give at the appropriate times during trial the Ninth Circuit Model Instruction 3.11 on the separate consideration of crimes and counts.

For all of the foregoing reasons, the defendant's motion to sever is DENIED.

### Defendant's Motion for a *Daubert* Hearing re: Expert Testimony

Defendant appears to accept the Ninth Circuit precedent that our courts have affirmed the admission of expert testimony regarding the area of prostitution offered by law enforcement officers. His motion appears to be directed to whether Detective Stigerts is qualified to serve as such an expert, whether his proffered testimony is supported by solid reasons and methodology, and relevant to the case at bar.

The court directs the government to have Detective Stigerts available for examination at either of the scheduled dates for pretrial motions, *i.e.*, February 11th or 12th. The parties are to meet and confer whether the witness's availability for

examination via video conferencing is an acceptable method of receiving his
testimony.

**Government's Motion to Exclude Evidence of Victims' Other Sexual Behavior
and Sexual Predisposition.**

The court has ruled on defendant's motion regarding the applicability of
Evidence Rule 412 and has denied the defendant's motion. Accordingly, the court
GRANTS the government's motion prohibiting the defendant from: (1) introducing
evidence that C.C., N.C., or B.M., engaged in commercial sex acts before or after
leaving the defendant; (2) questioning any of these women about their prior or
subsequent and unrelated prostitution activity; and (3) otherwise referencing such
inadmissible evidence during *voir dire*, opening statements, and closing arguments.

**Government's Motion to Preclude Mistake-of-Age Defense and Evidence.**

The court has ruled on the defendant's motion regarding statements C.C. and
N.C. made about age and the parties are directed to comply accordingly.

**Government's Motion to Exclude Evidence of Consent.**

The Court GRANTS the government's motion precluding evidence of
consent relating to C.C. and N.C.  Lack of consent is not an element of Counts 1 and
2.  Moreover, numerous courts have affirmed that consent is not a defense to
transportation of a minor for purpose of prostitution and this court holds
accordingly.

The court DENIES the government's motion regarding B.M.  Counts 3 and 4
charge that B.M. engaged in prostitution activities as the result of force, fraud and
coercion.  The defense is entitled to argue to the jury that B.M. voluntarily engaged
in commercial sex activities, was free to leave, and was not forced or coerced to
remain.

OMNIBUS ORDER ON PRETRIAL MOTIONS – 17

1    For these reasons, the court GRANTS in part and DENIES in part the

2    government's motion.

3    DATED this 10th day of February, 2016.

4

5    _____
     The Honorable Richard A. Jones
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OMNIBUS ORDER ON PRETRIAL MOTIONS  –  18