The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYAN POWELL,<br><br>Defendant. | NO. CR15-244 RAJ<br><br>ORDER ON DEFENDANT'S<br>MOTION IN LIMINE REGARDING<br>THE SCOPE OF TESTIMONY<br>OF DETECTIVE DEREK STIGERTS |

## I. INTRODUCTION

This matter comes before the court on defendant's Motion in Limine regarding the proposed testimony of Derek Stigerts (Dkt. #62). For the reasons discussed herein, the court makes the following determinations as to the scope and extent of expert testimony the court will allow from Detective Stigerts.

## II. BACKGROUND

The defendant is charged in a Superseding Indictment with two counts of interstate transportation of two juveniles for the purpose of prostitution; one count of sex trafficking of an adult victim through force, fraud, and coercion; and one count of interstate transportation of an adult victim for the purpose of prostitution through coercion and enticement (Dkt. #32).

The government gave notice to the defendant of its intention to present the expert testimony of Detective Derek Stigerts of the Sacramento Police Department. He is being offered to testify on the issues of the pimp/prostitute relationship, the general *modus operandi* of pimps, and the pimp culture in general.

The defendant filed a Motion in Limine for a gate-keeping hearing with respect to Detective Stigerts' proposed expert testimony (Dkt. #62). The court granted this motion and the hearing was held on February 11, 2016, with Detective Stigerts testifying via video.

The court thereafter concluded that Detective Stigerts possessed the necessary expertise on the pimp/prostitute subculture, and would be permitted to testify as an expert on juveniles and adults. (Tr. 58.) The court ruled that Detective Stigerts would be permitted to provide testimony about the culture between pimps and prostitutes and how the relationship and culture exists. The court specifically determined that the subject matter of his testimony would be beyond the common and normal understanding of most jurors. (Tr. 58-59.) The court additionally allowed the defendant to advise the court if there were specific categories of Detective Stigerts' testimony that should not be permitted. The parties subsequently filed memoranda of law regarding the proposed testimony of Detective Stigerts (Dkt. ##126, 129 and 130).

The purpose of this Order is to provide clear guidance to the parties regarding the extent of Detective Stigerts' testimony and rule on the defendant's Motion in Limine objections to the same.

### III. ANALYSIS

The defendant has identified eleven discrete opinions of Detective Stigerts that he seeks to challenge as inadmissible, irrelevant, or unnecessary.

Initially the court notes that a significant portion of the defendant's challenges go to the proposed expert testimony on the pimp/prostitute relationship and its relevance. The Ninth Circuit has sanctioned the admissibility of this type of testimony as it provides the jury with an understanding of how the relationship works. *United States v. Brooks*, 610 F. 3d 1186, 1195-1196 (9th Cir. 2010).

The balance of the defendant's challenges go to whether Detective Sigerts' testimony is offered to bolster the credibility of the women or comment on the defendant's state of mind. Based upon the proffer contained in the government's briefing (Dkt. #129, p. 5), Detective Stigerts will not be offering any opinion that any particular government witness is


credible, or an opinion as to these witnesses' or the defendant's actual state of mind or intent. The court will hold the government to these representations. The government is, however, permitted to examine Detective Stigerts and elicit opinions to help the jury evaluate their veracity and/or their states of mind.

As to the more specific challenges by the defendant, the court addresses each in the order raised.

A.     The Hierarchy of the Pimp/Prostitute Relationship.

During the course of the gate-keeping hearing, Detective Stigerts testified about the hierarchy and financial arrangements that exist between a pimp and a prostitute. (Tr. 31-35.) This testimony will be allowed and the defendant's objection is overruled. This testimony goes to a multitude of issues, including the defendant's intent to engage C.C. and N.C. to prostitute, and help explain why the defendant would have been able to convince them to travel with him to California and why they made the decision to go with him.

As to this testimony and Counts 3 and 4, the objection is additionally overruled as it goes to assist the jury's determination whether the defendant coerced B.M. As noted above, Detective Steigerts will not be permitted to render an opinion on B.M.'s state of mind or credibility. The extent of his testimony is to assist the jury in understanding her testimony and to assess her credibility, not testify about her credibility.

B.     How and What Pimps Do to Exercise Control -- Finesse/Violence.

This objection is overruled.  Detective Stigerts' opinion that pimps control their victims through finesse or violence fits under the general category of explaining the pimp/prostitute relationship.  This testimony will be allowed to assist the jury in determining the defendant's motivation and whether he was using these methods to control the victims and whether he was their pimp. This is the precise type of testimony allowed in *United States v. Brinson*, 772 F.3d 1314, 1319 (10th Cir. 2014). This ruling applies to the juveniles and adult victims.

///

///

      C.    <u>The Pimp's Motivation -- Money, Power, and Control</u>.

This objection is overruled. This testimony is permitted as it goes to help the jury understand the pimp/prostitute subculture and to evaluate whether the defendant was engaging in pimp-like behavior. It will be helpful testimony for the jury to hear how pimps use money, power, and control over prostitutes. It will be up to the jury to decide if the defendant demonstrated these types of attributes. Thus, the testimony is quite relevant in aiding the jury's understanding of the relationship between a pimp and a prostitute.

      D.    <u>How Victims are Recruited into Prostitution</u>.

Defendant seeks a general prohibition of any expert testimony on how and why women become involved in prostitution is unwarranted. His motion to opposed this proposed line of examination is denied. The jury is entitled to hear evidence to explain this aspect of the pimp/prostitute subculture. As noted above, the relationship between prostitutes and pimps is not the subject of common knowledge.

Based upon the government's proffer and the testimony of Detective Steigerts at the gate-keeping hearing, it is abundantly clear he does not possess any information on the manner in which C.C., N.C., or B.M. became involved in prostitution. Consequently, he is in no position to render an opinion on the specifics of their particular involvement in prostitution. Moreover, he certainly will not be testifying that the defendant introduced the women into prostitution. Thus, the court concludes no Rule 412 issues would present justification to introduce evidence of any prior prostitution activities of the alleged victims.

At this point, the court is unaware of any evidence to be introduced by Detective Stigerts or any other witness that it was the defendant who introduced the women to prostitution. Under these circumstances there will be no false or prejudicial impression before the jury that the defendant was responsible for introducing the women into the world of commercial sex activity.

///
///
///

E. **Pimp Rules and Instructions**.

Any objection to the proposed expert testimony on this issue is overruled. Expert testimony on the *modus operandi* of pimps and the nature of the relationship between pimps and prostitutes is relevant and proper. *See United States v. Anderson*, 851 F.2d 384 (D.C. Cir. 1988).

F. **Isolation of Prostitutes Via Interstate Travel**.

Defendant's objection to this line of proposed expert testimony is denied. This precise area of examination was approved in *Brooks*, where the Ninth Circuit approved Detective Hein's testimony that pimps often isolate new prostitutes from familiar areas, to provide context for the jury in evaluating the defendant's intentions in transporting girls from one city to another. *See Brooks*, 610 F.3d at 1196.

G. **Trauma Bond**.

Defendant's objection is overruled. The proffered bases for admission of this testimony is to educate the jury on why a victim would stay with and return to a pimp, and how a pimp could successfully coerce the victim into acts of prostitution and travel. Again, this is not an area of common understanding and knowledge, and is thus relevant.

While allowing this area of examination, the government is prohibited from offering any testimony that any of the alleged victims formed a trauma bond, or testimony from Detective Stigerts about their state of mind.

H. **Prostitution Advertisements**.

Defendant's objection is overruled. The methods used by pimps to advertise, post ads, or engage in marketing of prostitutes, and the essence of the operation of the prostitution business is not an area of common understanding and knowledge, and is thus relevant.

The fact Detective Stigerts uses the terms "sometimes" and "often" is not a basis to exclude his testimony. His gate-keeping hearing testimony, and his C.V., clearly demonstrate his expertise on this subject. The proper method of testing these opinions is through cross-examination, not exclusion of his testimony.

///

I.    <u>Money Goes to the Pimp</u>.

Defendant's objection is overruled for the same reasons articulated previously.

J.    <u>Inconsistent Statements by Prostitutes</u>.

The defendant's objection is sustained and Detective Stigerts will not be permitted to testify that prostitutes often lie when they are taken into custody. Nor will he be permitted to render an opinion that it can take a long time to get to the truth or that disclosure during the first interview is rare. The court agrees with the defendant, this crosses into the dangerous area of impermissible vouching for the government's witnesses.

Why a person when arrested would not be candid or provide truthful information in an interview is not an area that requires expert testimony. The jury will be quite capable of making their own assessment of the credibility of any witness expected to testify.

K.    <u>Terms Used in the Pimp/Prostitute Subculture</u>.

Detective Stigerts will be permitted to testify and render an opinion on terms that actually come up in the trial. As to terms that do not come up during the trial, the testimony should be excluded.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS in part and DENIES in part the defendant's Motion in Limine (Dkt. #62).

The parties are free to recommend any cautionary or limiting instructions to precede Detective Stigerts' testimony to assist the jury in understanding how to weigh or consider his opinions.

DATED this 25th day of March, 2016.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge