The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT RYAN POWELL, <br><br> Defendant. | NO. CR15-244 RAJ <br><br> ORDER ON DEFENDANT'S SECOND AND THIRD MOTIONS UNDER FEDERAL RULE OF EVIDENCE 412 |

## I.   INTRODUCTION

This matter comes before the court on defendant's second and third motions under Fed. R. Evid. 412. (Dkt. ##141 and 150). For the reasons stated herein, the court **DENIES** defendant's motions.

## II.   BACKGROUND

On February 10, 2016, the court issued an Omnibus Order on Pretrial Motions (Dkt. #111). In that order, the court unequivocally and succinctly granted the government's motion prohibiting the defendant from: "(1) introducing evidence that C.C., N.C., or B.M. engaged in commercial sex acts before or after leaving the defendant; (2) questioning any of these women about their prior or subsequent and unrelated prostitution activity; and (3) otherwise referencing such inadmissible evidence during *voir dire*, opening statements and closing arguments." (Dkt. #117, at 17).

Despite the court's ruling, the defendant has filed the subject motions seeking "pre-clearance" with respect to the cross-examination of B.M. concerning two postings on Backpage.com. One, that B.M. allegedly made false representations to law enforcement about her prior employment at Radio Shack, and, two, that B.M. lied to law enforcement about her future intention to post advertisements on Backpage.com.

### III.  DISCUSSION

#### A.  Are Defendant's Motions Untimely?

The court recognizes that it previously ruled that no additional pretrial motions would be permitted unless the motions arose from late-produced materials by the government that necessitated the trial continuance to the date now set for trial. (Dkt. #118). It appears that the defendant's motions about B.M.'s alleged false statements to law enforcement officers is premised upon information learned by the defense from B.M.'s employment records. As to the other motion, there does not appear to be any other basis presented by the defense to explain the filing of this motion well past the deadline set by this court.

While this court expects each party to adhere to the court's deadlines, the court will allow the defense motions since the motion regarding B.M.'s employment was premised upon information in the possession of a third party. It does not appear the defendant was dilatory in filing his motion once the records were received from the third party. The court will also consider the remaining motion since it involves essentially the same theory of admissibility based upon Sixth Amendment grounds. The defendant should not read into this allowance as authorization to file further motions in violation of court deadlines. For these reasons, defendant's motion to permit the late-filed motions (Dkt. #158) is **GRANTED** and the government's request to deny the motions as untimely is **DENIED.**

///
///
///
///

## IV.   ANALYSIS

Defendant argues that exclusion of the victim's alleged false statements violates his Sixth Amendment right to confront and cross-examine witnesses and to present a complete defense. The defendant has presented the form and extent of his proposed cross-examination which he contends is admissible impeachment evidence. (Dkt. #143, at pages 4-5 and 7). He seeks the opportunity to ask B.M. about the first statement regarding whether she posted an ad in the escort section on Backpage.com before she lost her job at Radio Shack and whether that ad was prostitution related. (Dkt. #143, at page 5). As to the second statement, defendant's proposed cross-examination includes asking B.M. if she agreed with a law enforcement officer not to post any ads on Backpage.com and whether by the end of the month she had again posted an ad for herself on Backpage.com. (Dkt. #143, at page 7). The underlying argument advanced for both areas of examination is to attack B.M.'s credibility, thereby suggesting she was dishonest and not candid in her answers with law enforcement officers.

In essence, defendant contends that Rule 412 applies only to evidence offered to prove that a victim engaged in other sexual behavior. He therefore suggests that Rule 412 does not cover the evidence he intends to offer, *i.e.*, to prove something other than the fact that sexual conduct occurred. In other words, his offering goes to B.M.'s credibility without the need to address Rule 412 restrictions.

Defendant cites no case law in support of his argument that Rule 412 is inapplicable to evidence of sexual behavior or predisposition offered to prove dishonesty. Rule 412 "bar[s] evidence relating to the alleged victim's sexual behavior or alleged sexual disposition, *whether offered as substantive evidence or for impeachment*, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Fed. R. Evid. 412 advisory notes (1994 amendments). The defendant has not demonstrated such.

///

///

1  Moreover, courts have held that "impeaching a witness's character for truthfulness is not a recognized exception to Rule 412's general prohibition of evidence of sexual history." *United States v. Tail*, 459 F.3d 854, 859 (8th Cir. 2006). *See also*, *United States v. Withorn*, 204 F.3d 790, 795 (8th Cir. 2000).  Likewise, *United States v. Payne*, (9th Cir. 1991) stands for the proposition that the Confrontation Clause does not automatically trump the protections of Rule 412, and that evidence of a victim's prior sexual conduct can properly be excluded where the probative value is minimal compared to the prejudicial effect.  These are precisely the circumstances now before this court.

Both of the areas of examination proposed by the defendant are on unrelated prior and subsequent incidents (where B.M. worked and when and whether she followed promises to a law enforcement officer).  As stated in *Payne, id*. 1569, "We have found… a trial court's limitation of cross examination on an unrelated prior incident, where its purpose is to attack the general credibility of the witness, does not rise to the level of a constitutional violation of the defendant's confrontation rights."

Even if this court were to assume as accurate that B.M.'s statements were false or contained misrepresentations of fact that she engaged in commercial sex acts before and after she was involved in the defendant's alleged criminal behavior, such evidence is barred by Rule 412.  Denying the defendant the opportunity to pursue this line of examination is not in violation of his right to confrontation.

For these reasons, the court **DENIES** the defendant's motions (Dkt. ##141 and 150).

DATED this 3rd day of May, 2016.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER ON DEFENDANT'S SECOND
AND THIRD MOTIONS UNDER FED. R. EVID. 412 - 4
*United States v. Powell*, CR15-244-RAJ