The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYAN POWELL,<br><br>Defendant. | NO. CR15-244 RAJ<br><br>ORDER ON DEFENDANT'S FOURTH MOTION UNDER FEDERAL RULE OF EVIDENCE 412 |

## I.      INTRODUCTION

This matter comes before the court on defendant's fourth motion under Fed. R. Evid. 412 (Dkt. #166).  For the reasons stated herein, the court DENIES defendant's motion.

## II.      BACKGROUND

This court has previously issued orders (Dkt. ## 111, 164, and 186) clearly stating the type of evidence that would not be permitted pursuant to Federal Rule of Evidence 412.  This court will not restate what it has already unequivocally and succinctly stated, but rather directs the parties to those orders if memories need to be refreshed.

Defendant files this current motion arguing essentially the same attempt to introduce at trial evidence regarding B.M.'s prostitution activity other than that charged in the current matter against Mr. Powell.

Specifically, defendant's motion is premised upon statements B.M. purportedly made to law enforcement officers in Rapid City, South Dakota on January 13, 2015, and Seattle, Washington on March 10, 2015.  The defendant contends there have been at least three occasions when B.M. has faced arrest on prostitution charges and successfully avoided arrest by portraying herself as a victim whom nobody cares for.  (Dkt. #166, p. 7).  Defendant seeks to discredit B.M.'s testimony contending she had a motive to lie, *i.e.*, her desire to avoid arrest.

### III.    DISCUSSION

**A.    The March 10, 2015 Transcript was not a Late Disclosed Document.**

The defendant admits that he received the March 10, 2015 transcript on May 5, 2016 (Dkt. #167).  The subject matter of the interview was not that of the defendant nor did it pertain to any relationship or contact with B.M.  Rather, the subject matter of the interview involved a different individual who had been involved with B.M. after the Defendant's arrest in South Dakota. The court thus concludes this evidence is material covered by the Jencks Act, 18 U.S.C. § 3500. The government was not required to produce such in advance of the Jencks Act deadline.

**B.    B.M.'s Noted Statements Are Not the Basis for Impeachment.**

At the outset, the court refers the parties to the court's Rule 412 analysis in response to defendant's second and third motions under Rule 412 (Dkt #164).

Second, the defendant has characterized B.M. as manipulatively avoiding charges by holding herself out as a victim for whom no one cares or wants to help.  For each of these circumstances, the proposed examination is premised upon pure speculation regarding B.M.'s state of mind and the reasoning behind the charging decisions of two different law enforcement agencies.  But even assuming the defendant's characterizations of B.M.'s statements were correct, the court returns to the same conclusion as it did regarding defendant's second and third motions. The defendant is prohibited from attempting to impeach B.M., as proposed.

The reasons articulated by the defendant in this fourth motion do not justify allowing the defense the opportunity to introduce or examine B.M. about any alleged prior or subsequent prostitution-related law enforcement contacts through cross examination, voir dire, or any other manner.

The court agrees with the government that the defense is allowed to cross-examine and argue that B.M. had a motive to lie, *i.e.*, to avoid prosecution for prostitution as it relates to her contact with the defendant. The defense is not permitted, however, to engage in this argument or examination referencing B.M.'s prior or subsequent unrelated interactions with law enforcement.

## IV.    CONCLUSION

For these reasons, the court DENIES the defendant's motion (Dkt. #166).

DATED this 6th day of June, 2016.

The Honorable Richard A. Jones
United States District Judge

ORDER ON DEFENDANT'S FOURTH
MOTION UNDER FED. R. EVID. 412 - 3