The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYAN POWELL,<br><br>Defendant. | NO. CR15-244 RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL ON COUNTS 1 AND 2 |

This matter comes before the Court on Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(a). Dkt. #247. For the reasons stated herein, the Court **DENIES** the motion.

On June 24, 2016, following a multi-day trial, a jury convicted Defendant of transporting C.C. and N.C., two juveniles, across state lines for the purpose of prostitution, and of sex trafficking B.M., an adult victim, through force, fraud, and coercion. Dkt. # 241. Prior to the trial, the Court denied a motion to sever the first two counts from the sex trafficking counts because all counts were logically related. Dkt. # 111. Defendant now requests a new trial on Counts 1 and 2 because he claims that B.M.'s testimony was actually prejudicial and wrongly influenced the jury to convict on the first two counts. Dkt. ## 247, 257. The Government opposes the motion. Dkt. # 252.

ORDER ON DEFENDANT'S
MOTION FOR NEW TRIAL
ON COUNTS 1 AND 2 - 1

1     The Court may "vacate a judgment and grant a new trial if the interest of justice so

2  requires."  Fed. R. Crim. P. 33(a).  In this case, the Government provided overwhelming

3  evidence during trial that linked Defendant to the first two counts.  There was no serious

4  question as to whether Defendant transported C.C. and N.C. across state lines in interstate

5  commerce, and there was little doubt as to the young women being underage at the time of

6  the transport.  Moreover, the Government offered abundant evidence that led the jury to

7  conclude that Defendant transported the juveniles with the intent that they engage in

8  prostitution.  B.M.'s testimony was directly related to these elements, and no reasonable jury

9  would have been confused by her testimony, nor would a reasonable jury have been

10  empowered to convict based solely on that testimony.  Instead, the Court is confident that the

11  jury abided by the instruction to consider each count separately, and that the jury was

12  capable of establishing which evidence was necessary to convict Defendant on each count.

13  In this case, the interest of justice does not require a new trial on Counts 1 and 2.

14     For these reasons, the Court **DENIES** the Defendant's motion.  Dkt. #247.

15

16     DATED this 29th day of August, 2016.

17

18     _____

19     The Honorable Richard A. Jones
20     United States District Judge

21

22

23

24

25

26

27

28

ORDER ON DEFENDANT'S
MOTION FOR NEW TRIAL
ON COUNTS 1 AND 2 - 2