The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYAN POWELL,<br><br>Defendant. | NO. CR15-244 RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL ON COUNT 3 |

This matter comes before the Court on Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(a). Dkt. #248. For the reasons stated herein, the Court **DENIES** the motion.

On June 24, 2016, following a multi-day trial, a jury convicted Defendant of transporting C.C. and N.C., two juveniles, across state lines for the purpose of prostitution, and of sex trafficking B.M., an adult victim, through force, fraud, and coercion. Dkt. # 241. Prior to the trial, the Court extensively entertained and addressed arguments by Defendant regarding his wishes to circumvent Rule 412 in order to attack B.M.'s credibility. Dkt. ## 111, 164, 186, 187. In each of its orders, the Court reaffirmed its denial of Defendant's ability to do so. However, the Court permitted Defendant to narrowly cross-examine B.M. as to whether she lied to law enforcement officers about why she wanted to travel to California from South Dakota. Dkt. # 186. Defendant now requests a new trial on Count 3

because he claims that his inability to further question B.M. would have resulted in an acquittal on this count. Dkt. # 248. The Government opposes the motion. Dkt. # 254.

       The Court may "vacate a judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Court need not repeat itself a fifth time to explain why the Rule 412 exclusion absolutely applies to this case; the Court directs Defendant to review the Court's prior orders. Dkt. ## 111, 164, 186, 187. Moreover, the Court agrees with the Government that Defendant, through his counsel, was able to elicit testimony from B.M. regarding her false statements to South Dakota law enforcement. *See* Dkt. # 254, at p. 12. This testimony was sufficient for the jury to weigh B.M.'s credibility, and, despite this testimony, the jury concluded that Defendant was guilty of Count 3 beyond a reasonable doubt. Defendant was simply not prejudiced by the prohibition to extensively cross-examine B.M. on this topic, and a reasonable jury would not have come to a different conclusion had it heard a few additional minutes of testimony.

       For these reasons, the Court **DENIES** the Defendant's motion. Dkt. #248.

DATED this 29th day of August, 2016.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER ON DEFENDANT'S
MOTION FOR NEW TRIAL
ON COUNT 3 - 2