The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYAN POWELL,<br><br>Defendant. | NO. CR15-244 RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL ON COUNT 3 |

  This matter comes before the Court on Defendant's motion for a judgment of acquittal on Count 3. Dkt. #249. For the reasons stated herein, the Court **DENIES** the motion.

  On June 24, 2016, following a multi-day trial, a jury convicted Defendant of transporting C.C. and N.C., two juveniles, across state lines for the purpose of prostitution, and of sex trafficking B.M., an adult victim, through force, fraud, and coercion. Dkt. # 241. Prior to the trial, Defendant sought to dismiss Count 3 because he believed that the Government "lumped" several distinct offenses into a single count of sex trafficking through force, fraud and coercion. Dkt. # 249, at p. 2. The Court denied Defendant's motion to dismiss Count 3, finding that that statutory scheme behind the charge clearly treated it as a continuing offense. Dkt. # 111, at p. 8. The Court further found that separating the offenses into additional counts would expose the Defendant to "harsher penalties and guideline calculations." *Id.* Defendant now requests a judgment of acquittal on Count 3 because he

contends that the Government's evidence at trial showed three different periods of association between Defendant and B.M. rather than one continuous period in which B.M. was sex trafficked.  Dkt. ## 249, 259.  The Government opposes the motion.  Dkt. # 256.

Upon a defendant's motion for a judgment of acquittal, the Court may "set aside the verdict and enter an acquittal."  Fed. R. Crim. P. 29(c).  The Court will do so if, when viewing the evidence in the light most favorable to the Government, the Court finds that there is insufficient evidence to sustain a conviction.  *United States v. Williams*, 547 F.3d 1187, 1196-1199 (9th Cir. 2008); *see also United States v. Olsen*, Nos. CR-11-6001-EFS-1 through -8, 2013 U.S. Dist. LEXIS 97783, *5 (E.D. Wash. 2013); Fed. R. Crim. P. 29(a).  The Court agrees with the Government that the jury was presented with evidence showing Defendant's continuous communications with B.M. during the time period.  Even if B.M. was not in Defendant's company during the entire period, and even if she contacted other pimps during the period, this does not erase the evidence showing Defendant's constant use of email messages, text messages, or phone calls to recruit and entice B.M. to return to work for him as a prostitute.  The jury had the opportunity to consider evidence of a "break" in Defendant's conduct, and ultimately the jury rejected this theory.  When viewed in the light most favorable to the Government, the Court finds the evidence sufficient to sustain a conviction on Count 3.

For these reasons, the Court **DENIES** the Defendant's motion.  Dkt. #249.

DATED this 29th day of August, 2016.

The Honorable Richard A. Jones
United States District Judge

ORDER ON DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL
ON COUNT 3 - 2