HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) NO.  CR15-244RAJ |
| Plaintiff, | ) |
| | ) DEFENDANT'S MEMORANDUM FOR |
| v. | ) RESTITUTION HEARING |
| | ) |
| ROBERT RYAN POWELL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The court has scheduled a restitution hearing for **January 20, 2017, at 11:00 a.m.**  In this memorandum, we discuss certain issues that may arise at the hearing.

## I.

## PROCEDURAL BACKGROUND

Robert Ryan Powell was charged, in four counts, with prostitution-related violations.  In Count 1, he was charged with transporting a minor, C.C., from Washington State to California in August 2014 with the intent that she engage in prostitution, in violation of 18 U.S.C. §2423(a).  In Count 2, he was charged with transporting a minor, N.C., from Washington State to California in August 2014 with the intent that she engage in prostitution, in violation of 18 U.S.C. §2423(a).  In Count 3, he was charged with sex trafficking B.M. by force, fraud and coercion during a period that spanned January 2014 through January 13, 2015, in violation of 18 U.S.C. §1591.  In Count 4, he was charged with enticing and persuading, etc., B.M. to travel from Washington State to Nevada on June 4, 2014, for purposes of prostitution, in violation of 18 U.S.C. §2422(a).

DEFENDANT'S MEMORANDUM FOR
RESTITUTION HEARING - 1

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

1  Trial began on June 14, 2016 and ended on June 24, 2016, when the jury found Mr. Powell

2  guilty on Counts 1, 2 and 3 and not guilty on Count 4.  On October 29, 2016, the court sentenced Mr.

3  Powell to incarceration for 198 months, to be followed by 10 years of supervised release.  At the

4  request of the government, the determination of restitution on Counts 1, 2 and 3 was deferred until the

5  upcoming hearing.[1]

6  **II.**

7  **RESTITUTION VERSUS FORFEITURE**

8  The issue to be addressed at the hearing is restitution – the process by which an offender is

9  required to make his or her victim whole.  One of the statutes that may be at issue here, 18 U.S.C.

10  §1593, authorizes both restitution and forfeiture.[2]  Restitution and forfeiture are quite different

11  processes.  Forfeiture is the process by which an offender can be divested of the proceeds of criminal

12  activity.  Restitution is payable to the victim; forfeiture is payable to the United States.   In certain

13  cases – not in this one, though – the interplay of restitution and forfeiture may require the defendant

14  to pay double.  *See United States v. Newman*, 659 F.3d 1235 (9th Cir. 2011).

15  Forfeiture is a penalty and, as such, must be alleged in the indictment.  In this case, the

16  indictment did not allege that the government would seek forfeiture.  Thus, the only issue before the

17  court at the hearing will be the amounts that Mr. Powell should be required to pay to C.C., N.C. and

18

19  1.  By filing this memorandum, we do not concede the validity of Mr. Powell's conviction or
20  the veracity of any of the witnesses who testified at his trial.  We rely on the fact that the court may rely on the trial testimony in setting a restitution amount.  Our position is that, assuming *arguendo*
21  that the trial testimony is accurate, the restitution amount should be lower than that proposed by the government.

22  2.  Specifically, §1593(b)(4) provides: "The forfeiture of property under this subsection
23  shall be governed by the provisions of section 413 (other than subsection (d) of such section) of the Controlled Substances Act (21 U.S.C. 853)."
24

25  DEFENDANT'S MEMORANDUM FOR
RESTITUTION HEARING - 2

26

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

1   B.M.  The government may seek to justify restitution by calculating the total proceeds resulting from

2   the prostitution activities disclosed at the trial.  We object and maintain that while the proceeds of the

3   prostitution activity could be relevant if *forfeiture* were sought, proof of the proceeds is not relevant

4   to the issue of *restitution*.[3]

5                                                    **III.**

6                              **RESTITUTION ON COUNTS 1 AND 2**

7            No restitution, or at most nominal restitution, should be imposed on Counts 1 and 2.

8            Restitution is a purely creature of statute.  The imposition of restitution is permissible only

9   where authorized by the offense of conviction, *Hughey v. United States*, 495 U.S. 411 (1990) (in

10  prosecution for use of stolen credit cards, restitution had to be limited to the amount defendant

11  obtained from the one card to which he pled guilty), and then, only for harms of the type for which

12  restitution is specifically authorized, *Gall v. United States*, 21 F.3d 107 (6th Cir. 1994) (restitution

13  could not be ordered to compel defendant to pay back the "buy money" given to him in an undercover

14  investigation);  *United States v. Salcedo-Lopez*, 907 F.2d 97 (9th Cir. 1990) (restitution could not be

15  ordered to compel the defendant to pay back the money that an informant had paid him for false

16  identification).

17           In Counts 1 and 2, Mr. Powell was convicted of violating §2423(a).  Unlike the situation in

18  Count 3 (involving B.M.), Counts 1 and 2 are not governed by 18 U.S.C. §1593:  the reason is that

19  §2423(a) is not part of Chapter 77 of Title 18, United States Code.  The court must instead evaluate

20  ─────────────────

21           3.  Given the court's deadline of noon today for the filing of memoranda addressing
    issues to arise at the hearing, we have not yet seen the government's memorandum and are not
22  certain of the theory that the government will advance.  However, in a detailed email message on
    November 5, 2015, the government posited that Mr. Powell's restitution obligation would be
23  based on B.M.'s total prostitution "earnings" while associating with Mr. Powell, citing two cases
    in this district where that methodology was used.
24

25  DEFENDANT'S MEMORANDUM FOR                                    Law Offices of Allen R. Bentley
    RESTITUTION HEARING - 3                                       1111 Third Avenue, Suite 2220
                                                                  Seattle, WA 98101-3207
26                                                                (206) 343-9391

the government's request for an award of restitution to C.C. and N.C. in light of other restitution statutes, 18 U.S.C. §§3663, 3663A and 3664.

   *A. Section 3663 (The Victim and Witness Protection Act)*

   Section 3663(a)(1)A) provides that "The court, when sentencing a defendant convicted of an offense under this Title [Title 18] ... may order ... that the defendant make restitution to any victim of such offense." The cases make it plain that when imposing restitution under Section 3663, the court must consider the financial ability of the defendant to make the payments required. *United States v. Pappadopoulos*, 64 F.3d 522 (9th Cir. 1995); *United States v. Ramilo*, 986 F.2d 333 (9th Cir. 1993).

   The record does not show that Mr. Powell is in a position to pay any significant amount in restitution: he is facing a sentence of more than 15 years. Accordingly, if the court is proceeding under §3663, the amounts awarded to C.C. and N.C. should be, at most, nominal.

   *B. Section 3663A (The Mandatory Victim Restitution Act)*

   In 1996, Congress enacted the Mandatory Victim Restitution Act ("the MVRA"). The MVRA was, in part, a response to cases like *Pappadopoulos* and *Ramilo,* where sentences were reversed because the court had not taken into account the defendant's ability to pay. The MVRA provided that, in those categories of cases to which it applied (*i.e.*, "crimes of violence" and any case "in which an identifiable victim has suffered a physical injury or pecuniary loss," 18 U.S.C. §3663A(c)(1)(A)), the financial status of the defendant could not be considered in setting the restitution amount, *see* 18 U.S.C. §3664(f)(1)(A).

   The MVRA covers two categories of offenses, those resulting in pecuniary harm and those resulting in bodily harm.

   18 U.S.C. §3663A(b)(1) states:

> In the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense [the court may order the defendant to]

DEFENDANT'S MEMORANDUM FOR
RESTITUTION HEARING - 4

(**A**) return the property to the owner of the property or someone designated by the owner;  or

(**B**) ... pay an amount [representing the value of the property].

The second category of cases is defined in 18 U.S.C. §3663A(b)(2), which states:

In the case of an offense resulting in bodily injury to a victim [the court may order the defendant to]

(**A**) pay an amount equal to the cost of necessary medical and related professional services ... [and]

(**C**) reimburse the victim for income lost by such victim as a result of such offense.

This case is neither a case "resulting in damage to or loss or destruction of property" nor a case " resulting in bodily injury to a victim."  Restitution is therefore not authorized under §§3663A and 3664.  The government's request for restitution on Counts 1 and 2 should be denied.

## IV.

## RESTITUTION ON COUNT 3

Mr. Powell has been convicted of sex trafficking, as charged in Count 3, in violation of 18 U.S.C. §1591.  Because §1591 is an offense codified in Chapter 77 of Title 18, United States Code, Mr. Powell is subject to an order of restitution under 18 U.S.C. §1593(a).  The restitution order "shall direct the defendant to pay the victim . . . the full amount of the victim's losses."  Those losses are defined to include "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act  (29 U.S.C. §201) et seq," *see* §§1593(b)(1) and (b)(3), as well as any losses suffered by the victim as a proximate result of the offense (including medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; transportation, temporary housing, or lost income).  The amount of restitution to be

DEFENDANT'S MEMORANDUM FOR
RESTITUTION HEARING - 5

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

1   paid must be proved by the government by a preponderance of the evidence,18 U.S.C. §1593(b)(2)

2   ("an order of restitution under this section shall be issued and enforced in accordance with section

3   3664 in the same manner as an order under section 3663A").  And 18 U.S.C. §3664(e) provides that

4   "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the

5   preponderance of the evidence.  The burden of demonstrating the amount of the loss sustained by a

6   victim as a result of the offense shall be on the attorney for the government."

7           Under §1593(b)(3), a victim's losses are defined as the greater of the value rendered to the

8   defendant or the value of the victim's labor as determined by the Fair Labor Standards Act.  However,

9   we object to using the "value" of prostitution services as the measure of what Mr. Powell should

10  repay.  Title 77 is headed "Peonage, Slavery, and Trafficking in Persons," and its emphasis seems to

11  be on assuring that persons who are enslaved or trafficked are paid an amount comparable to what

12  they would have earned *legally*.  It is inconceivable that B.M. could have earned $80 or more for one-

13  half hour of *legal* employment.  To award restitution at the illegal rates obtained by those who

14  advertised on the adult companionship pages of Backpage.com would countenance the illegal

15  activities that gave rise to the payments.  If X was convicted of stealing cocaine from Y, would the

16  court wish to require X to pay Y for the value of the cocaine?  We think not, and by the same

17  rationale, monies that B.M. earned as a prostitute ought not to be considered as the basis for a

18  restitution award to her.

19

20

21

22

23

24

25  DEFENDANT'S MEMORANDUM FOR
    RESTITUTION HEARING - 6

26

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9301

1

**V.**

2

**CONCLUSION**

3
For all the foregoing reasons, the court should not impose any restitution on Counts 1 and 2.

4
On Count 3, the court should impose restitution based multiplying the hours in which B.M. actually

5
engaged in prostitution, times the federal minimum wage.

6
DATED this 17th day of January, 2017.

7
Respectfully submitted:

8
LAW OFFICES OF
ALLEN R. BENTLEY

9

10
By: /s/ Allen R. Bentley
ALLEN R. BENTLEY
WSBA No. 12275

11
Law Offices of Allen R. Bentley
1111 Third Avenue

12
Seattle, WA  98101
Telephone: (206) 343-9391

13
Email:  abentley@concentric.net

14
FROEHLING LAW OFFICE

15

16
By: /s/ Jesse Froehling
JESSE FROEHLING
WSBA No.  47881

17
122 East Stewart Avenue
Puyallup, WA  98372

18
Telephone: (253) 770-0116

19

20

21

22

23

24

25
DEFENDANT'S MEMORANDUM FOR
RESTITUTION HEARING - 7

26

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

1

**CERTIFICATE OF SERVICE**

2

  I certify that on January 17, 2017, I electronically filed the foregoing Defendant's

3

Memorandum for Restitution Hearing with the Clerk of the Court using the CM/ECF system which

4

will send notification of such filing to the attorneys of record for the United States of America,

5

Assistant United States Attorneys Kate Crisham and Amy Jaquette.

6

7

        By: */s/ Allen R. Bentley*

          ALLEN R. BENTLEY
          WSBA No. 12275

8

          Law Offices of Allen R. Bentley
          1111 Third Avenue

9

          Seattle, WA  98101
          Telephone: (206) 343-9391

10

          Fax: (206) 682-3746
          Email:  abentley@concentric.net

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S MEMORANDUM FOR
RESTITUTION HEARING - 8

26

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391