1    The Honorable Richard A. Jones

2

3

4

5          UNITED STATES DISTRICT COURT FOR THE
             WESTERN DISTRICT OF WASHINGTON
6                        AT SEATTLE

7    UNITED STATES OF AMERICA,          NO.  2:15-cr-00244-RAJ

8                        Plaintiff,

9               v.                      ORDER ON DEFENDANT'S MOTION
                                        FOR COMPASSIONATE RELEASE
10   ROBERT RYAN POWELL,

11                       Defendant.

12

13          This matter comes before the Court on Defendant Robert Ryan Powell's motion

14   for compassionate release.  Dkt. 361.  Having thoroughly considered the parties' briefing

15   and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES**

16   the motion for the reasons explained herein.

17                            **I. BACKGROUND**

18

19          Mr. Powell is a 39-year-old inmate currently detained at Federal Correctional

20   Institution (FCI) Coleman Medium, with a projected release date of February 13, 2029.

21   On June 24, 2016, after a 7-day trial, a jury found Mr. Powell guilty of two counts of

22   Transportation of a Juvenile with Intent to Engage in Prostitution, in violation of 18

23   U.S.C. §2423(a), and one count of Sex Trafficking by Force, Fraud, and Coercion, in

24   violation of 18 U.S.C. §1591(a)(1) and (b)(1).  Dkts. 241 and 242.  On October 28, 2016,

25   this Court sentenced Mr. Powell to 198 months of imprisonment, to be followed by ten

26   years of supervised release.  Dkt. 278.  He now moves for compassionate release arguing

27   that he presents extraordinary and compelling reasons for the Court to immediately

28   release him to commence his ten-year term of supervision.

ORDER - 1

## II. DISCUSSION

### A.      Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

Mr. Powell's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Powell's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

ORDER - 2

the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

## B.    Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Powell's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Powell made a request to the Warden at FCI Coleman Medium for compassionate release on August 8, 2020. Dkt. 371, Ex. 2. The warden denied Mr. Powell's request on August 26, 2020. *Id*. The Court finds the statutorily required 30-day period has expired, and Mr. Powell's motion is properly before the Court.

///

///

///

ORDER - 3

C.      **Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Powell's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence. Specifically,

ORDER - 4

Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Powell bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted. *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020.

Mr. Powell argues that his family circumstances, in combination with the threat to his health he now faces, both arising from the coronavirus-19 (COVID-19) pandemic, together with his race, present extraordinary and compelling circumstances to warrant the Court granting his motion for immediate release to commence his ten-year term of supervision. Dkts. 361 and 362.

Mr. Powell's motion rests principally on his argument that he is urgently needed at home to assist his 11-year-old son Ryan with the challenges facing his son in navigating online learning as required by the ongoing COVID-19 pandemic. While Ryan currently resides with his mother Julie Berst in New York, Mr. Powell indicates Ms. Berst's attentions are divided and that she is unable or unwilling to meet Ryan's needs. Mr. Powell states that, if released, he would relocate Ryan to Mr. Powell's mother's home in Las Vegas, where Ryan would live with his grandmother and Mr. Powell. Mr. Powell argues there are few reasons more compelling than the educational development of a boy such as his son, and that this need presents an extraordinary and compelling reason for the Court to grant his motion. Dkt. 361.

Mr. Powell argues that he is at risk of contracting COVID-19 at the facility where he is incarcerated, FCI Coleman Medium in Florida, indicating that at the time of his motion the facility had 62 inmates testing positive, with two inmate deaths.  Dkt. 361.

Last, Mr. Powell notes that as an African American, his race serves as a risk factor recognized by the Centers for Disease Control and Prevention (CDC) for increased levels of hospitalizations and higher rates of complications should he contract the virus. Dkt. 361.

The government argues in opposition that the reasons presented by Mr. Powell do not constitute extraordinary and compelling circumstances for the Court to grant his motion for compassionate release.  For the reasons set forth in detail in its brief, the government argues Mr. Powell has failed to establish that his proposed release plan would benefit his son, let alone that his family circumstances are so extraordinary and compelling as to warrant compassionate release.  Dkt. 371.

While the government acknowledges Mr. Powell's concerns about contracting COVID-19 are understandable, it points out that generalized concerns about possible exposure do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release.  The government highlights that Mr. Powell has not been diagnosed with any of the medical conditions listed by the CDC that would increase his risk of severe illness or complications should he contract the virus.  The government recognizes that while the rates of serious illness and death from COVID-19 have been higher among African Americans and other minority groups, that factor alone does not present an extraordinary and compelling reason to reduce Mr. Powell's sentence.  Last, the government sets forth in detail the efforts taken by the Bureau of Prisons (BOP) to mitigate the spread of the virus in its facilities.  Dkt. 371.

The primary basis for Mr. Powell's motion for compassionate release is his expressed desire to assist his 11-year-old son in the educational challenges posed by the COVID-19 pandemic.  What is surprising about this request is that Mr. Powell seeks

1  release to care for a son whom he has never met in person and would be commencing a
2  personal relationship with him for the very first time.  PSR, at ¶ 64.  This fact is
3  compounded with the circumstances of the charge of conviction.  At the time of his son's
4  tender years of existence, Mr. Powell demonstrated not a shred of concern for his son's
5  existence or education.  Rather, he was heavily involved in the prostitution of women and
6  underage young girls.  There is no record that during the early years of his son's life, he
7  had any desire to assist in his son's rearing or educational needs.  At best, his newly
8  found interest is of recent vintage and appears to be primarily self-serving.

9      Aside from not knowing his son, Mr. Powell's request for release is bereft of any
10  specific details on how he plans to assist in his son's online learning, how he will procure
11  employment, or any substance to support that the living situation proposed is in his son's
12  best interest.  In the final analysis, what Mr. Powell has proposed in not for the benefit for
13  his son, rather it appears to be another attempt to use another individual to fit his personal
14  needs.  While his son's educational and living arrangements may not be ideal, the
15  evidence is insufficient to warrant his release for him to serve as the primary caretaker,
16  educator or responsible parent.  While remote learning may be a challenge for Mr.
17  Powell's son, he faces the same crisis as every parent struggling through the tragic
18  challenges of COVID-19.

19      The Court now turns to Mr. Powell's contention that the Bureau of Prisons is not
20  responding adequately to the COVID-19 pandemic and is unable to keep him safe from
21  contracting the virus.  It is undisputed that Mr. Powell is being held at a Bureau of
22  Prisons facility that has experienced an outbreak of COVID-19 that includes positive
23  tests, recoveries from the virus, and deaths.  The government has also outlined the series
24  of methods that have been engaged to combat the disease.  This Court does not dispute
25  that challenging and deadly conditions may exist at varying prison facilities around the
26  United States, including FCI Coleman.  What is critical for this Court's determination of
27  Mr. Powell's motion is whether his individual circumstances warrant compassionate
28  release and they do not.

ORDER - 7

Considering the foregoing, what remains is Mr. Powell's claim of a generalized fear of contracting the disease as opposed to suffering from the same, and the concern about the Bureau of Prisons' ability to provide a safe environment.   In this case, the Court does not find that Mr. Powell has demonstrated sufficient facts or evidence to warrant compassionate release.  At best, he poses generalized questions about the uncertainty of next steps for COVID-19 in FCI Coleman and the restrictions on his daily living activities.

In this case, the Court does not find that Mr. Powell has demonstrated sufficient facts or evidence to warrant compassionate release.  At present, the defendant has failed to provide evidence that he has exhibited any of the risk factors noted by the CDC or that he suffers from any chronic illnesses that would aggravate this concern.

General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence as set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13. *United States v. Eberhart,* No. 13-cr-00313, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020.  Nor do such fears warrant a sentence reduction under the Court's independent assessment of the facts and circumstances presented.

Last, Mr. Powell contends that because he is African American, he is in a high-risk group of complications from COVID-19.  Mr. Powell does not connect his race with any diagnosed medical condition listed by the Center for Disease Control (CDC).  He has failed to advance any evidence that his race alone serves as a basis for sentence reduction. While Mr. Powell has failed to provide sufficient analysis to support his release claim, the Court would be remiss in not acknowledging the CDC data of COVID-19 infections and deaths as staggering for African Americans but without more, he has not presented an extraordinary and compelling reason to reduce his sentence.

///

///

///

ORDER - 8

**D.  Safety of Others**

The Court next turns to whether Mr. Powell presents a danger to the safety of any other person or to the community.  *See* U.S.S.G. §1B1.13(2).  In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g).  The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Powell argues that his minor disciplinary record while incarcerated, his efforts at self-improvement, and the fact he would be on a ten-year term of strict supervision reduce the risk of his danger to the safety of others or the community should he be immediately released.  Dkt. 361.

The government counters that while it is commendable Mr. Powell is taking advantage of the programming and educational opportunities available to him while incarcerated, his lengthy criminal history and the serious facts underlying his current conviction weigh in favor of the Court finding that he remains a danger to the community.  Dkt. 371.

Even if this Court were to find that Mr. Powell had presented sufficient evidence to support a compassionate release finding, his criminal history and the nature and circumstances of his conviction dictate otherwise.  He has engaged in a pattern of violent crimes when released from prison, sometimes within months of release, including his violating the terms of his probation in each of his three state convictions.   His criminal history dating back to 2006 involved crimes of violence, sex trafficking of juveniles by force, fraud and coercion.  See PSR, ¶'s 42-56.  These facts together warrant a finding that the safety of the community would not be protected if Mr. Powell were to be released at this time.

ORDER - 9

**E.  Other 18 U.S.C. § 3553(a) Factors**

In determining whether to grant Mr. Powell's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a).  However, since the Court finds Mr. Powell to be a continuing danger to the community, it need not and will not address the other factors.  The Court therefore finds that the § 3553(a) factors have not changed since Mr. Powell's sentencing and that they do not support Mr. Powell's early release.  Dkt. 371.

### III.  CONCLUSION

For the foregoing reasons, Defendant Robert Ryan Powell's motion for compassionate release is **DENIED**.

DATED this 19th day of January, 2021.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER - 10