The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYAN POWELL,<br><br>Defendant. | NO. 2:15-cr-00244-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Robert Ryan Powell's renewed motion for compassionate release. Dkt. 403. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Powell is an inmate currently detained at United States Penitentiary Atwater, with a projected release date of April 8, 2029. On June 24, 2016, after a 7-day trial, a jury found Mr. Powell guilty of two counts of Transportation of a Juvenile with Intent to Engage in Prostitution, in violation of 18 U.S.C. §2423(a), and one count of Sex Trafficking by Force, Fraud, and Coercion, in violation of 18 U.S.C. §1591(a)(1) and (b)(1). Dkts. 241 and 242. On October 28, 2016, this Court sentenced Mr. Powell to a term of 198 months of imprisonment, to be followed by ten years of supervised release. Dkt. 278. In September of 2020, Mr. Powell moved for compassionate release, which

ORDER - 1

was denied by the Court. Dkt. 390. Mr. Powell moved for reconsideration, which was denied by the Court. Dkt. 395. Mr. Powell has now filed a renewed motion for compassionate release, arguing that he presents extraordinary and compelling reasons for the Court to immediately release him, specifically that he is needed to care for his ailing 77-year-old mother and his 16-year-old son. Dkt. 403. The government filed an opposition to the defendant's motion. Dkt. 406.

## II. DISCUSSION

### A. Legal Standard for Release or Reduction in Sentence Under § 3582(c)(1).

District courts generally lack authority to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010). Section 3582(c)(1)(A) provides an exception to that rule and permits this Court to reduce a sentence if the defendant can show four things:

First, that he exhausted administrative remedies by requesting relief from his warden. The administrative-exhaustion requirement "is mandatory and must be enforced when properly raised by the government." *United States* v. *Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Second, that "extraordinary and compelling reasons warrant such a reduction," or that he is at least 70 years old and has served at least 30 years in prison.

Third, "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," including that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Fourth, that "the factors set forth in section 3553(a) to the extent that they are applicable" weigh in favor of his release.

The defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). The defendant's failure to establish any "extraordinary and compelling" reason allows the court to deny

the motion without assessing the § 3553(a) factors; so too, a district court may deny a motion if it concludes that release is unwarranted under the § 3553(a) factors without considering whether the defendant has established extraordinary or compelling circumstances under the statute. *Keller*, 2 F.4th at 1284.

After Section 3582(c)(1)(A) was amended in the First Step Act of 2018 to allow defendants to file motions to reduce their own sentences, the Ninth Circuit held that the Sentencing Commission's then-current policy statement USSG § 1B1.13 was not an "applicable policy statement" to motions filed by defendants. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). In April 2023, the Commission adopted proposed amendments to USSG § 1B1.13 that take account of the amendment to section 3582(c)(1)(A) that allows defendant-filed motions. Those amendments took effect on November 1, 2023, *see* 28 U.S.C. § 994(p), and now bind courts considering defendant-filed motions for a reduction in sentence under section 3582(c)(1)(A). *United States* v. *Eccles*, No. CR14-5290 BHS, 2024 WL 83493, at *3 (W.D. Wash. Jan. 8, 2024) (quoting *United States* v. *Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *2 (W.D. Wash. Dec. 14, 2023) ("Because the current policy statement post-dates the First Step Act, *Aruda* no longer controls—the policy statement does.")).

As amended, the Sentencing Commission's policy statement provides that "extraordinary and compelling" reasons for a reduction in sentence exist under the following circumstances:

> (3) Family Circumstances of the Defendant.–
>> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>> …
>> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

U.S.S.G. § 1B1.13(b)(3)(A) and (C).

The policy statement directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).

The notes state that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement," and "whether the defendant is a danger to the safety of any other person or to the community." USSG § 1B1.13 cmt. n.4.

The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

Mr. Powell's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Powell's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

> term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.    Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Powell's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Mr. Powell has failed to establish he has exhausted his administrative remedies under his mistaken belief that he is "able to skip that process and file straight with the courts."  Dkt 403, p. 2.  While the Court finds Mr. Powell has failed to meet the statutory requirement, the Court nevertheless turns to the merits of the motion.

### C.    Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Powell's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

ORDER - 5

Mr. Powell argues that he has presented an extraordinary and compelling reason to grant his immediate release in that he is needed at home to provide support and care for his 77-year-old mother who suffers from congestive heart failure and to care for his 16-year-old son given that his mother is no longer able to do so. Dkt. 403.

The government opposes Mr. Powell's motion, indicating that Mr. Powell has failed to provide evidence that his mother is "incapacitated" within the meaning of the Sentencing Guidelines policy statement. To demonstrate that a family member is "incapacitated," a defendant must show that the family member is completely disabled, incapable of independent movement, or suffering from similarly severe limitations. *See United States v. McKinney*, No. CR18-096-RSM, 2020 WL 6076898, at *4–5 (W.D. Wash. Oct. 15, 2020). While Mr. Powell provides proof that his mother is currently receiving treatment and care for her heart condition, the government indicates there is no evidence that she is disabled or incapable of caring for herself beyond the conclusory statement that she is struggling to care for herself. Dkt. 406.

Further, the government argues that Mr. Powell has failed to provide evidence that he is the only available caregiver for his mother or his son and that he fails to address whether there are other family members available to care for his mother, including his siblings, any of their spouses or children, or his own adult daughter. He does not provide any details regarding his plan to care for the needs of his 16-year-old son, who as the Court noted in its order denying Mr. Powell's first motion for compassionate release, he had never previously met. Dkt. 406.

The Court agrees with the government's analysis. Mr. Powell's justifications fail to meet the legal or factual requirements to warrant the relief he now requests. This motion fares no better than Mr. Powell's last motion seeking a reduction in his sentence.

**D. Safety of Others**

Having made the determination that Mr. Powell has failed to meet his burden to support compassionate release, there is no need for this Court to address the issue of whether he is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).

### III.  CONCLUSION

For the foregoing reasons, Defendant Robert Ryan Powell's motion for compassionate release is **DENIED**.

DATED this 5th day of September, 2025.

*(signature)*

The Honorable Richard A. Jones
United States District Judge