The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RYAN POWELL,<br><br>Defendant. | NO. 2:15-cr-00244-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Robert Ryan Powell's renewed motion for compassionate release and application for court-appointed counsel. Dkt. 411. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Powell is an inmate currently detained at Federal Correctional Institute Victorville, with a projected release date of April 8, 2029. On June 24, 2016, after a seven-day trial, a jury found Mr. Powell guilty of two counts of Transportation of a Juvenile with Intent to Engage in Prostitution, in violation of 18 U.S.C. §2423(a), and one count of Sex Trafficking by Force, Fraud, and Coercion, in violation of 18 U.S.C. §1591(a)(1) and (b)(1). Dkts. 241 and 242. On October 28, 2016, this Court sentenced Mr. Powell to a term of 198 months of imprisonment, to be followed by ten years of

ORDER - 1

supervised release. Dkt. 278. In September of 2020, Mr. Powell moved for compassionate release, which was denied by the Court. Dkt. 390. Mr. Powell moved for reconsideration, which was denied by the Court. Dkt. 395. In May of 2025, Mr. Powell again moved for compassionate release, which was denied by the Court. Dkt. 410. Less than a month after this denial, Mr. Powell filed yet another renewed motion for compassionate release, indicating he presents extraordinary and compelling reasons for the Court to immediately release him, making the same arguments as in his previous motions, that he is needed to care for his ailing 77-year-old mother and his 16-year-old son. Dkt. 411. The government filed an opposition to Mr. Powell's motion. Dkt. 412.

## II. DISCUSSION

**A.    Legal Standard for Release or Reduction in Sentence Under § 3582(c)(1).**

The criminal justice system relies on the finality of judgments. Once imposed, a sentence can be modified only in very limited circumstances. "With 18 U.S.C. 3582(c)(1)(A), Congress provided one such 'narrow' exception – usually called compassionate release – for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citations omitted).

With the passage of the First Step Act in 2018, defendants are free to directly file their own motion with the Court – but only "provided he first exhausts administrative remedies within the BOP. *Id.* A defendant bears the burden of proving that exhaustion of administrative remedies. *United States v. Van Sickle*, 2020 WL 2219496 (WDWA 2020). The administrative exhaustion requirement is "a mandatory claims processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Assuming a defendant exhausts their administrative remedies, a compassionate release is discretionary, provided three conditions are met. *Bryant*, 144 F.4th at 1123.

"First, the district court must find 'extraordinary and compelling reasons' warrant a sentence reduction. Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must consider the sentencing factors in 18 U.S.C. 3553(a) – including the nature of the offense and the defendant's characteristics – to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.' The district court may deny defendant's motion if he fails to satisfy any of these conditions." *Id.*

In 2023, the Commission revised USSG § 1B1.13 to address the changes made by the First Step Act. Courts are now bound by the policy statement contained in that Guideline provision, which provides authoritative guidance on what qualifies as an "extraordinary and compelling" reason. *Bryant*, 144 F.4th at 144.

The policy statement directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).

The notes state that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement," and "whether the defendant is a danger to the safety of any other person or to the community." USSG § 1B1.13 cmt. n.4.

The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

As amended, and the prong upon Mr. Powell's motion relies, the Sentencing Commission's policy statement provides that "extraordinary and compelling" reasons for a reduction in sentence exist under the following circumstances:

    (3) Family Circumstances of the Defendant.–

ORDER - 3

>    (A) The death or incapacitation of the caregiver of the defendant's minor
>    child or the defendant's child who is 18 years of age or older
>    and incapable of self-care because of a mental or physical disability
>    or a medical condition.
>
>    …
>
>    (C) The incapacitation of the defendant's parent when the defendant would
>    be the only available caregiver for the parent.

U.S.S.G. § 1B1.13(b)(3)(A) and (C).

Mr. Powell's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Powell's motion, the statute now provides:

>    (c) Modification of an imposed term of imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that–
>
>    (1) in any case–
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>    (i) extraordinary and compelling reasons warrant such a reduction;
>
>    …
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

ORDER - 4

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

The defendant seeking compassionate release has the burden of establishing grounds for such an extraordinary remedy. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *United States v. Grummer*, 519 F.Supp.3d 760, 762 (S.D.CA 2021). "[C]onclusory statements are insufficient to carry his burden of persuasion." *United States v. Newman*, 2024 WL 812041 (S.D.Ga 2024).

**B.    Exhaustion of Administrative Remedies**

Prior to considering the merits of Mr. Powell's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Powell has established he has exhausted his administrative remedies by submitting a request for compassionate release to the warden of his institution, and that his request for release was denied. Dkt. 411-1, p. 5-6.

**C.    Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Powell's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

Mr. Powell argues that he has presented an extraordinary and compelling reason to grant his immediate release in that he is needed at home to provide support and care for his 77-year-old mother who suffers from congestive heart failure and to care for his 16-year-old son given that his mother is no longer able to do so. Dkt. 411.

The government opposes Mr. Powell's motion, indicating that Mr. Powell has not provided any new facts or evidence that merits the Court revisiting its recent prior ruling. Dkt. 412.

The Court agrees with the government's analysis. Mr. Powell's justifications fail to meet the legal or factual requirements to warrant the relief he requests. This motion fares no better than Mr. Powell's previous motions seeking a reduction in his sentence.

### D. Safety of Others

Having made the determination that Mr. Powell has failed to meet his burden to support compassionate release, there is no need for this Court to address the issue of whether he is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).

### III.  CONCLUSION

For the foregoing reasons, Defendant Robert Ryan Powell's motion for compassionate release and request for appointment of counsel is **DENIED**.

Any future motion for compassionate release brought by Mr. Powell shall state new facts and evidence which warrant the relief being sought. Failure to do so will result in prompt denial of the motion without requiring a response brief from the government.

DATED this 5th day of December, 2025.

The Honorable Richard A. Jones
United States District Judge